# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 05-1063V
### (not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
JOHN A MURPHY and BARBARA E.,              *
MURPHY parent of M.M., a minor,            *
                                           *       Special Master Corcoran
                Petitioners,               *
                                           *       Dated: August 25, 2017
        v.                                 *
                                           *       Attorney's Fees and Costs;
                                           *       Reasonable Basis; Final Fees
SECRETARY OF HEALTH AND                    *
HUMAN SERVICES,                            *
                                           *
                Respondent.                *
                                           *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Patricia Ann Finn*, Patricia Finn, PC, Piermont, NY, for Petitioners.

*Ryan D. Pyles*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART REQUEST FOR FINAL ATTORNEY'S FEES AND COSTS AWARD[1]

On October 5, 2005, John and Barbara Murphy filed a petition on behalf of their minor child, M.M., seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] An entitlement hearing was held on May 18-19, 2015, and a year later I issued a decision denying compensation on April 25, 2016. *Murphy v. Sec'y of Health & Human Servs.,* No. 05-1063V, 2016 WL 3034047 (Fed. Cl. Spec. Mstr. April 25, 2016). Shortly

---

[1] Although this Ruling has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Ruling in its present form will be available. *Id*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2012)).

thereafter, Petitioners filed a motion for review, which was denied on August 15, 2016. *Murphy v. Sec'y of Health & Human Servs.,* No. 05-1063V, 128 Fed. Cl. 348 (Aug. 15, 2016). On October 13, 2016, Petitioners appealed the denial of their motion for review to the United States Court of Appeals for the Federal Circuit, but withdrew the appeal.

In April of this year, I made an interim award to Petitioners for attorney's fees and costs in the total amount of $72,968.86, over Respondent's objections that the case lacked reasonable basis. *See Murphy v. Sec'y of Health & Human Servs.,* No. 05-1063V, 2017 WL 1718800 (Fed. Cl. Spec. Mstr. April 3, 2017) ("Interim Fees Dec."). I specifically awarded attorney's fees incurred in the matter (with some downward adjustment to account for inefficiencies) through December 7, 2015 (the date Petitioners filed their post-hearing brief), but deferred ruling on awarding fees incurred thereafter, given questions I had about the reasonableness of Petitioners' pursuit of an appeal on a claim alleging a vaccine-induced autism spectrum disorder-like injury – a kind of claim that has universally failed in the Vaccine Program despite innumerable attempts by petitioners. *Id.* at *3. This interim fees decision was not appealed, and judgment entered on April 24, 2017 (ECF No. 137).

Petitioners have now filed their final fees request. *See* Final Fees Motion, dated August 3, 2017 (ECF No. 140) ("Final Fees Mot."). They request a total final award of $17,073.60— $16,568.60 in attorney's fees (including paralegal costs), plus $505.00 in filing fees borne directly by the Murphys. Final Fees. Mot. at 3-5 and Ex. 1. Respondent opposed the final fees request on August 10, 2017, arguing that the Murphys continued to pursue the case when no reasonable basis existed. Response to Motion for Final Attorney's Fees, filed on August 10, 2017 (ECF No. 141). Petitioners filed a reply maintaining that their case had reasonable basis throughout the duration of litigation. *See* Reply to Response, filed on August 24, 2017 (ECF No. 142).

**Analysis**

My Interim Fees Decision contains a detailed discussion of both the case's procedural background as well as the relevant legal standards. *See* Interim Fees Dec. at *1-3. Such standards are incorporated by reference herein.

I also noted in the Interim Fees Decision that my fees award was reluctant, given the number of decisions suggesting the deficiencies of autism injury claims, as well as the many missteps in prosecution of this claim (for example, the eve-of-trial decision by Petitioners to attempt to alter their causation theory in light of criticisms leveled at their primary expert in a different case). Interim Fees Dec. at 3-4, 7. I thus specifically stated that I would reserve determining whether the motion for review, and subsequent efforts by counsel associated therewith, had sufficient reasonable basis to permit additional fees, on top of the over $70,000 in fees and costs I had already awarded.

The majority of the fees that are requested in the current motion were already billed and requested in the motion for interim fees—Ms. Finn only billed 1.3 new hours of paralegal time in the current motion.[3] And the total sum requested is not egregious. At the same time, the concerns I expressed about the merits of appealing a decision that was not likely to succeed (a prognostication that is not speculative given the number of published decisions at all levels of review, from the decisions of special masters to the Federal Circuit) have only grown with the passage of time. For in the past nearly two years, other special masters, noting the fact that diligent counsel would learn of the unsuccessful record of post-OAP autism injury claims merely by some basic research, have refused to reimburse petitioners for legal fees stemming from efforts to re-litigate previously-rejected theories via the appellate process. *See Hooker v. Sec'y of Health & Human Servs.*, No. 02-472V, 2017 WL 3033940 (Fed. Cl. Spec. Mstr. April 11, 2017).

Under other circumstances (for example, if the final award requested was significant in comparison to any prior interim award, or if counsel had repeatedly pursued autism claims despite my admonitions and their overall track record in the Vaccine Program), I would likely not award any final fees herein. However, because this is the first instance in which present counsel has pursued an autism case assigned to me, and because it appears that counsel exercised good billing judgment in post-hearing work on the case, assigning substantial work to paralegals or other staff, I will allow a final fees award, subject to the revisions set forth herein. Counsel is admonished that I am unlikely to exercise such leniency with future autism claims she may bring before me, however.

Petitioners' request that Ms. Finn be compensated at the rate of $328[4] per hour the work performed from January 2016-December 2016. Ms. Finn has previously been awarded forum rates given her office's location in the New York metropolitan region. *See Dimatteo v. Sec'y of Health & Human Servs.*, No. 10-566V, 2014 WL 1509320, at *5 (Fed. Cl. Spec. Mstr. March 27, 2014); *citing with approval, Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009)). I thus do not dispute her entitlement to a forum rate as well. In addition, her requested rate is consistent with my prior fees decision in this case and the decisions of other special masters, and I will award it as requested. *See e.g.,* Interim Feed Dec.; *Eschevarria v. Sec'y of Health & Human Servs.,* No. 15-100V, 2016 WL 6872975 at *3 (Fed. Cl. Spec. Mstr. Oct. 28, 2016).

---

[3] In my Interim Fees Decision I awarded fees from October 1, 2011 through December 7, 2015, although Petitioners' requested fees through the following year (December 21, 2016). The current motion requests fees from January 6, 2016 through May 18, 2017. Thus, the overlap from the interim fees request to the current motion is from January 6. 2016-December 21, 2016. I would have expected the billing entries from the overlapping time period to match each other, however, it appears that Petitioners' counsel retroactively added additional billing entries, a practice that I discourage. I will, in this instance (because of the other reductions to the request), award the added billing entries despite my discontent with the billing practice, because the added time is minimal.

[4] There is one charge for an hour of work at a rate of $340 per hour, for work performed in May 2016. Because this rate seems to be in error, I will instead apply the 2016 rate of $328 per hour throughout. Final Fees Motion at 3.

3

Petitioners' counsel's fees invoice also includes hours billed by three paralegals—Jessica Wallace, Rachel Williams, and "SS"—at rates of $200, $150, and $135 per hour respectively for a total of 80.2 hours. Final Fees App. at 6-9. I will award only the standard *McCulloch* paralegal rate and reduce all the paralegals to an hourly rate of $135. *McCulloch*, 2015 WL 5634323 at *21. I will award all time billed to these paralegal tasks, however, which appears to have been reasonable overall. Thus, the new total for paralegal costs is $10,827.00 (80.2 hours x $135= $10,827.00), accounting for a deduction of $3,204.00.

In light of the above, and in addition to the reduction of paralegal rates, I will reduce the total fees request by 20 percent, to account for the low likelihood of success in pursuing an autism claim appeal, leaving a total award of $10,682.08 (($10,827.00+$2,525.60) x .8= $10,682.08). I will reimburse in full the $505.00 paid by Petitioners for filing.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of attorney's fees and costs awards, and based on the foregoing, I **GRANT IN PART** Petitioners' Motion for Attorney's Fees and Costs, awarding **$10,682.08** in litigation fees and costs made payable jointly to Petitioners' counsel Patricia Finn, Esq., and Petitioners, and **$505.00** in costs payable solely to Petitioners. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.